Cabell, J.
Concurring in the general views expressed by judge Parker, 1 deem it necessary to say a word only. The Cumberland Bank is no party to the deed, the benefit of which it now seeks. The property is not conveyed to the bank, nor for its benefit. The declared object of the deed is to secure the indorsers from all or any loss or damage which they or either of them may sustain in consequence of their indorsement. There is no provision for effecting this indemnification by any payment directly to the bank, which might render a resort to the indorsers unnecessary; for the deed does not purport to give the bank a right, under any circumstances whatever, to call for a sale of the property, or an application of the proceeds. The deed prescribes a different mode for effecting its object, the indemnification of the indorsers. The indorsers are to be “ called upon,” or the amount of the note “ demanded from them, as indorsers, in consequence of the | failure of Machir” to pay the same. They are to re-j quest the sale of the property, and the proceeds of the ! sale are directed to be paid, directly, to them. If the *227 bank, then, is to be let in to any benefit from this deed, it cannot be on the ground of any contract between the grantor and the bank, or on the ground of any direction or intention, express or implied, on the part of the grantor, in its favour : it can only be on the well known principle of subrogation ; the right of a creditor to stand in the place of the surety. But this right must be unavailing to the bank, in this case, if, in fact, the indorsers themselves have not now, and never had, any right to call for the application of these funds. It is true that the indorsers incurred a contingent liability, by the mere act of indorsement; a liability depending on the condition that the note should be duly proceeded with, that Machir should fail to pay it at maturity, that the note should be protested, and that due notice thereof should be given to the indorsers. But if this condition was not complied with, the indorsers were as much discharged from liability, as if they never had indorsed. How stands the fact in this case ? The bill filed by the bank does not allege that any notice was given to the indorsers; and there is no proof of the fact. The other defendants in the cause were deeply interested in the question, and had a right to demand proof of notice to the indorsers (so as to fix their liability) before the indorsers, or those claiming under them, should be allowed to participate in the fund. Notice not being proved, we must regard it as not 'having been given, The indorsers, therefore, never were liable for the payment of this note; and, consequently, never had a right to call for the application of funds to its payment. And if they never had such right, I cannot perceive how the bank, claiming only through them, can have such right.
I am of opinion that the .decree be reversed and the bill dismissed.
Brooke, J. concurred.
Decree reversed, and bill dismissed.